UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | CASE NO.: 4:14CR434 |
| Plaintiff/Respondent, | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) ) |  |
| KAYLEE M. LOCKETT, | ) ) ) | MEMORANDUM OPINION AND ORDER |
| Defendant/Petitioner. | ) |  |

This matter comes before the Court upon Petitioner, Ms. Kaylee Lockett's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. (ECF # 50). Petitioner seeks to vacate her sentence on a single count of conspiracy to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

## FACTUAL AND PROCEDURAL HISTORY

On December 9, 2014, Petitioner and one other co-defendant were charged in a single count indictment with conspiracy to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (ECF # 4). On May 28, 2015, Petitioner pled guilty to Count One for violation of §§ 841(a)(1), 841(b)(1)(A), and 846 in a written plea

agreement. (ECF # 30). In the plea agreement, the parties agreed that the amount of cocaine possessed and distributed was 112 grams, an amount which would subject Petitioner to a base offense level of 26. (Id.). Although the Pre-Sentence Investigation Report recommended a sentence between 57 to 71 months with a total offense level of 25, this Court departed well below the advisory guideline range. (ECF # 37, 39). On September 1, 2015, this Court determined Petitioner's final offense level to be 19 and sentenced Petitioner to 30 months imprisonment, followed by two years of supervised release. (ECF # 40).

On August 19, 2016, Petitioner filed the present Motion to Vacate under 18 U.S.C. § 2255. (ECF # 50). Petitioner claims that her sentence should be vacated or reduced based on §§ 3B1.2 and 3B1.3 of the amended sentencing guidelines. (Id.). On September 14, 2016, the Government filed a response to Petitioner's motion arguing that Petitioner's claims should be denied without hearing. (ECF # 54). Petitioner has not filed any timely response to the Government's Answer.

## ANALYSIS

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing

2

on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relied") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). Petitioner in this case alleges that she is entitled to relief based on an amendment to §§ 3B1.2 and 3B1.3 of the sentencing guidelines. (ECF # 40, p. 4).

### A) Petitioner is not entitled to sentence reduction.

Although Amendment 794 amended § 3B1.2 of the guidelines to allow for a reduction in offense level if the defendant was a minimal or minor participant in a criminal activity, (18 U.S.S.G. app 3B1.2), Amendment 794 is not one of the amendments that a court may rely on to reduce a defendant's term of imprisonment. § 1B1.10(a) provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment. . .

§ 1B1.10(d) enumerates the limited amendments that are covered by this provision. Where a defendant is relying on an amendment not enumerated within § 1B1.10(d), a court may not apply the amended guideline in a re-sentencing. *See United States v. Goodloe*, 388 F.App'x 500, 506 (6th Cir. 2010). Since Amendment 794 is not one of the amendments enumerated within § 1B1.10(d), Petitioner is not entitled to a sentence reduction.

Additionally, there is no evidence that Amendment 794 is intended to apply retroactively. Amendments to the guidelines specifically indicate when they are to be applied retroactively. Amendment 794 provides no such indication. Therefore, since the effective date of Amendment 794

is November 1, 2015, and Petitioner was sentenced on September 3, 2015, the amended guidelines do not apply to her sentence.

### B) This Court already imposed a significant departure from the guidelines.

Even if the amended guidelines did apply to Petitioner's sentence, her Motion would still be denied since this Court has already afforded Petitioner significant downward departures from the sentencing guidelines. In the plea agreement, Petitioner stipulated that her base offense level was at a 26. (ECF # 30). Based on the sentencing guidelines, the Pre-Sentence Report recommended that Petitioner be sentenced between 57 to 72 months imprisonment. (ECF # 37). However, this Court significantly departed from this recommendation based on Petitioner's substantial assistance and acceptance of responsibility. (ECF # 39). This Court sentenced Petitioner to 30 months imprisonment, 20 months less than the lower end of the sentencing guidelines. (ECF # 40). Although neither the sentencing guidelines, nor the amendments to those guidelines are binding, it is clear from the record that this Court has already adequately considered the relevant guidelines provisions.

Therefore, because the amended guidelines do not apply to Petitioner's sentence, and since this Court has already significantly reduced her offense level and sentence, Petitioner's Motion to Vacate, Set Aside or Correct her sentence is DENIED.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should

5

be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 50) is DENIED. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 14, 2016